# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

v.

**MIGUEL AGOSTO-PACHECO ET AL.**,
Defendants.

Criminal No. 18-082 (FAB/BJM)

## REPORT AND RECOMMENDATION

On February 8, 2018, a grand jury indicted Luis Angel Ramos-Cordero ("Ramos") and charged him with conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii) ("Count One"); with conspiracy to import a controlled substance, 21 U.S.C. §§ 963, 952, 960(a)(1) and (b)(1)(B) ("Count Two"); and with attempt to import a controlled substance 21 U.S.C. §§ 963, 952, 960(a)(1) and (b)(1)(B) ("Count Three"). Dkt. 3. Ramos moved to dismiss the indictment. Dkt. 159. Two of his co-defendants, Anthony Jael Abreu-Matos ("Abreu") and Juan Tapia-Soto ("Tapia"), were indicted on the same three counts and joined the motion. [1] Dkt. 163, 164, 169, 170. The government opposed. Dkt. 176. This matter was referred to me for a report and recommendation. Dkt. 165. For the reasons that follow, the motion to dismiss should be **DENIED**.

## DISCUSSION

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. Pro. 7(c)(1). In a motion to dismiss, defendants may not challenge the government's evidence, only the facial validity of the indictment. *United States v. Guerrier*, 669 F.3d 1, 3–4 (1st Cir. 2011) (citing *United States v. Eirby*, 262 F.3d 31, 37–38 (1st Cir. 2001)). The First Circuit held that a district court may consider pretrial motions to dismiss an indictment "'where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.'" *United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir.

---

[1] The indictment includes a fourth count: attempt to import a controlled substance in violation of 21 U.S.C. §§ 963, 952, and 960(a)(1) and (b)(1)(B) on or about December 16, 2017. *See* Dkt. 3 at 3. Ramos, Abreu, and Tapia were not charged in the fourth count.

2019) (quoting *United States v. Musso*, 914 F.3d 26, 30 (1st Cir. 2019)). Here, the government disputes that a pretrial review of the sufficiency of its evidence is appropriate. *See* Dkt. 176 at 2–3.

"'[A]n indictment is sufficient if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy.'" *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014) (quoting *Eirby*, 262 F.3d at 37–38). A grand jury's technically sufficient indictment is enough to call for a trial. *Guerrier*, 669 F.3d at 4 (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Pursuant to Rule 8(a), offenses may be joined in an indictment:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. Pro. 8(a).

Courts have interpreted Rule 8(a) to prohibit the practice of duplicity. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Canas*, 595 F.2d 73, 78 (1st Cir. 1979). Duplicity is one of several enumerated defenses or objections that must be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. Pro. 12(b)(3)(B)(i).

Duplicity, because it joins multiple offenses within a single count of the indictment, threatens the integrity of the proceedings. *See United States v. Ramallo-Diaz*, 455 F. Supp. 2d 22, 26 (D.P.R. 2006) (prohibiting duplicitous indictments preserve the defendant's right to notice of charges, a unanimous jury verdict, appropriate sentencing, and protection against double jeopardy). Ramos argues that the indictment violates Rule 8(a) because it is duplicitous. Ramos argues:

> In instant case, the Government has tried to include multiple offenses by drafting a single conspiracy charge. But the discovery material points to different transactions. And there is no evidence to support a single agreement joined by Mr. Ramos-Cordero. An Indictment that charges multiple conspiracies in a single count violates the duplicity rule.

Dkt. 159 at 5. As stated, the indictment includes four counts. Ramos, Abreu and Tapia were charged with three of those four counts. Count One charges Ramos, Abreu, Tapia, and co-defendants not included in this motion with conspiracy to possess with intent to distribute controlled substances:

> From in or about February 2017 and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court . . . the defendants herein, did knowingly and intentionally combine, conspire, and agree with each other, and with diverse other persons to commit an offense against the United States, that is: a violation of Title 21, United States Code, Section 84l(a)(l) and (b)(l)(A)(ii), namely, possession with intent to distribute **five (5) kilograms** or more of a mixture or substance containing a detectable amount of **cocaine**, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 846 and 84l(a)(l) and (b)(l)(A)(ii).

Dkt. 3 at 1–2. Count Two also charges Ramos, Abreu, Tapia, and co-defendants not included in this motion with a conspiracy. Count Two, however, is a conspiracy to import a controlled substance and implicates a different section of Title 21 than Count One. The indictment states:

> From in or about February 2017 and continuing up to and until the return of the instant Indictment, from the country of Venezuela . . . the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with other diverse persons to commit an offense against the United States, to wit: to import into the United States, five **(5) kilograms** or more of a mixture. or substance containing a detectable amount of **cocaine**, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 963, 952 and 960(a)(l)&(b)(l)(B).

Dkt. 3 at 2. Count Three charges only Ramos, Abreu, and Tapia:

> On or about November 30, 2017, from the country of Venezuela . . . the defendants herein, did knowingly and intentionally attempt to import into the United States, five **(5) kilograms** or more of a mixture or substance containing a detectable amount of **cocaine**, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 963, 952 and 960(a)(l)&(b)(l)(B).

Dkt. 3 at 3.

Ramos refers to "the single conspiracy charged in the indictment," making it unclear whether he objects to Count One, conspiracy to possess with intent to distribute controlled substances, or to Count Two, conspiracy to import a controlled substance. While

Count Two and Count Three both allege violations of 21 U.S.C. §§ 963, 952, 960(a)(1) and (b)(1)(B), Ramos clearly states that he takes issue with multiple offenses being subsumed in a conspiracy charge rather than being charged as distinct offenses. Regardless, because a single conspiracy was charged rather than charges for separate events within the same count, there is not duplicity.

The government, however, understands Ramos's claim as arguing that the conspiracy counts are duplicative of the attempt count. *See* Dkt. 176 at 4. Thorough review of Ramos's motion to dismiss reveals that his dispute stems from the evidence produced in discovery. Ramos notes that evidence does not prove his participation in different transactions on July 2, 2017 or on July 27, 2017. Dkt. 159 at 3–4. He argues that the dates of the intervention and event do not match. Dkt. 159 at 4. Ultimately, Ramos contends that the lack of evidence supporting his participation in a conspiracy necessitates the conclusion that there was no conspiracy but rather separate and distinct events. Dkt. 159 at 5. Ramos cites *United States v. Trainor*, in which the government charged a single count of conspiracy but, the defendant alleged on appeal, proved two distinct conspiracies at trial. Dkt. 159 at 5 (citing *United States v. Trainor*, 477 F.3d 24, 31–32 (1st Cir 2007). The First Circuit found that the facts set out in the indictment could be "permissibly viewed as a single conspiracy" and ultimately found that the facts supported a single, overarching conspiracy despite its multiple phases and members. *Trainor*, 477 F.3d at 32–34.

A conspiracy, whether prosecuted pursuant to drug statutes or general law, "'is complete upon the agreement to do an unlawful act as implemented by one or more overt acts.'" *United States v. Giry*, 818 F.2d 120, 126 (1st Cir. 1987) (quoting *United States v. Senatore*, 509 F. Supp. 1108, 1110 (E.D. Pa. 1981)). Regardless of whether those overt acts might be crimes, participation in a conspiracy in and of itself is a distinct criminal offense. A conspirator need not participate in every overt act or know all the details to be charged as a member of the conspiracy. *United States v. Soto-Beniquez*, 356 F.3d 1, 19 (1st Cir. 2003). Ramos contends that the distinct events in his case do not qualify as a conspiracy, but this is a trial defense rather than a timely objection to an indictment.

Ramos's fact-reliant objections are unripe. In a motion to dismiss, defendants may only challenge the indictment's facial validity and not the evidence with which the government will attempt to prove the charged counts at trial. *See Guerrier*, 669 F.3d at 3–

4. *Trainor* can be further distinguished from the instant case because the defendant challenged the indictment for duplicity after trial and on appeal, not on a pretrial motion to dismiss. *Trainor*, 477 F.3d at 26–27. Ramos challenges the evidence, examining the elements of a conspiracy and the government's burden of proof. Dkt. 159 at 7–8. Alleging that one of the conspiracy charges inappropriately takes the place of charges for multiple, distinct transactions does not equate to a duplicitous charge, nor is it an appropriate argument for a motion to dismiss. Accordingly, the motion should be denied.

## CONCLUSION

For the above reasons, I recommend that the motion to dismiss be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 10th day of May, 2019.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge